3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
EASTERN DISTRICT DIVISION

Marcus Jackson,
     Petitioner,

vs

Linda M. Metrish,
     Respondent.
                         /

Marcus Jackson, #195116
Petitioner in Pro Per
Kinross Correctional Facility
16770 S. Watertower Dr.
Kincheloe, Michigan 49788

Case: 5:07-cv-10550
Assigned To: O'Meara, John Corbett
Referral Judge: Pepe, Steven D
Filed: 02-06-2007 At 08:08 AM
HC JACKSON VS METRISH (LE)

MOTION FOR DISCOVERY OF RECORDS

The Petitioner, Marcus Jackson, moves this Court for the purposes of granting this Discovery Motion on his claim of prosecutorial misconduct for the following reasons:

1. As asserted, Petitioner contends, during his jury trial, one of the prosecution's witnesses testified falsely. The impeachable evidence of this fact is shown in the form of witness statement made to police.

On appeal, Defendant was once in possession of witness exculpatory statement under former case no. 9906197, but had provided such statement to appellate attorney, Robert Morgan, as evidence of his claim and such statement has been said to be no longer in the possession.

Defendant has made several attempts by written request, and motion form to all Michigan Courts for such document but received adverse rulings.

Petitioner argues under Michigan and United States Constitutions, defendants have due process right to obtain evidence in the possession of the prosecutor if it is favorable to the accused and materials to guilt or innocence. Brady v Mariland, 373 US 83; 83 SCt. 1194; 10 LEd2d 215 (1963); People v Carter, 415 Mich. 558 (1982).

The Michigan Supreme Court Administrative Order No. 1994-10 provides that criminal discovery rules prevail over conflicting statutes providing for criminal discovery. Under such rules MCR 6.433 (B), (DOCUMENTS FOR POST CONVICTION PROCEEDINGS); and MCR 6.501 in conjunction with 7.713 gives this Honorable Court the jurisdiction to grant such said motion.

It is imperative to Defendant's pursuance of post conviction relief that Defendant be provided such said statement, however, in the plaintiffs' Brief In Response To Defendant's Motion For Relief From Judgment, the prosecution's state's witness' "statement to police is inconsistent with her testimony

2

regarding the Grand Prix in no way shows that her trial testimony was false." Further stating, "that out of court statement would not be admissible to prove the truth of its content. (See Appendix for Transcript).

The disclosure of such statement is necessary for the purpose of the Court to make a ruling in the issue of prosecutorial misconduct.

For these reasons, Marcus Jackson asks that this Court enter an order under MCR 6.507 requiring the prosecution to provide such said witness statement.

Respectfully submitted

Date: 1-30-07

By:

Marcus Jackson, #195116
Kinross Correctional Fac.
16770 S. Watertower Dr.
Kincheloe, MI  49788

3